UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| In re: <br><br> CECILIA M. HECTOR, <br><br> Debtor | Chapter 7 <br> Case No. 19-11979-JEB |

**MEMORANDUM OF DECISION**

This matter came before me on the Motion to Avoid Judicial Lien ("Motion") filed by the debtor, Cecilia M. Hector ("Debtor"). Pursuant to the Motion, the Debtor moves under Section 522(f) of the Code to avoid a judicial lien against property that she owns as tenants by the entirety with her husband, Richard Hector. The judicial lien is an execution in favor of Columbia Gas f/k/a Bay State Gas of Massachusetts ("Columbia Gas") against Richard Hector. As more fully set forth below, the Motion is denied since the lien was not fixed against an interest of the Debtor.

The Debtor and her husband, Richard Hector, purchased property at 227 Prospect Street, Brockton, MA ("Property") as tenants by the entirety in 2003. In April 2005, the Debtor's husband, Richard Hector, filed a declaration of homestead under M.G.L. c. 180 §1. Columbia Gas obtained a judgment against Richard Hector on August 4, 2009. An execution on the judgment was issued on August 20, 2009, and recorded against Richard Hector's interest in the Property.

On June 9, 2019, the Debtor commenced these proceedings under Chapter 13 of the Code. The case was converted to a case under Chapter 7 on January 8, 2020. The Debtor claimed a homestead exemption in the Property under state law, based on the homestead filed by her

husband. The Debtor was discharged on June 15, 2020, and the case was subsequently closed.

In June 2021, the Debtor filed a motion to reopen the case and the Motion, seeking to avoid the judicial lien of Columbia Gas. No opposition was filed. The Court held a hearing on August 24, 2021. Relying on *In re Farrenkopf*, 305 B.R. 382 (Bankr. D. Mass. 2004), the Court raised the issue of whether the lien could be avoided since it was filed against Richard Hector's interest, not against the Debtor's interest. The Court permitted the Debtor to file a memorandum on the issue of whether she could avoid a lien against her husband's interest in the Property.

The Debtor argues that the judicial lien impairs her interest in the homestead, although it is filed only against the interest of Richard Hector. She focuses her arguments on the changes in the homestead statute adopted in 2011.

But not every judicial lien can be avoided, even if it impairs an exemption. *Farrey v. Sanderfoot*, 500 U.S. 291, 296 (1991). Section 522(f) allows a debtor to avoid the "fixing of a lien on an interest of the debtor in property" if the lien impairs an exemption of the property. 11 U.S. C. § 522(f). The "fixing of a lien" is an essential element that must be shown before considering whether the debtor's exemption is impaired.

> [T]he critical inquiry remains whether the debtor ever possessed the interest to which the lien fixed, before it fixed. If he or she did not, § 522(f)(1) does not permit the debtor to avoid the fixing of the lien on that interest.

*Farrey*, 500 U.S. at 299. For example, a debtor cannot avoid a lien that arose before a debtor acquired an interest in the property, although it may impair the debtor's exemption. 500 U.S. at 298.

The Debtor cannot avoid the lien since the lien never fixed on her interest in the Property. Under Massachusetts law, the interest of the Debtor in property held as tenants by the entirety was not subject to seizure or attachment by her husband's creditors as long as it was her principal

residence. M.G.L. c. 209, § 1. Although a creditor could file a judicial lien against Richard Hector's interest, it could not affect the Debtor's rights in the Property. See *Coraccio v. Lowell Five Cents Savings Bank,* 415 Mass. 145, 151, 612 N.E.2d 650, 654 (1993); *Peebles v. Minnis,* 402 Mass. 282, 283, 521 N.E.2d 1372, 1373 (1988). Since the execution never "fixed" against the Debtor's interest in the Property, she cannot avoid the lien. *In re Moden*, No. 15-10213-MSH, 2016 WL 110085, at *2 (Bankr. D. Mass. Jan. 8, 2016); *In re Farrenkopf*, 305 B.R. 382, 385-386 (Bankr. D. Mass. 2004).

    For the foregoing reasons, the Motion will be denied by separate order.

By the Court,

Dated: March 21, 2022

Janet E. Bostwick
United States Bankruptcy Judge

3